NUMBER 13-09-00519-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE: ATLAS TUBULAR, L.P., ET AL.

 


On Relators' Petition for Writ of Mandamus

and Motion for Temporary Relief.

 


O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Garza


Opinion by Justice Garza


 Relators, Atlas Tubular, L.P., Atlas Marketing, L.P., and Atlas Tubular Management
L.P. (collectively "Atlas"), filed a petition for writ of mandamus with this Court asking that
we compel respondent, the Honorable Mario E. Ramirez Jr., presiding judge of the 332nd
Judicial District Court of Hidalgo County, Texas, to vacate his September 10, 2009 "Order
Granting Request for Designated Findings Against Maharashtra Seamless, Ltd. In
Plaintiffs' Second Motion for Sanctions for Discovery Abuse." Atlas also filed a "Motion for
Temporary Relief" asking us to stay the underlying proceedings until such time as the
petition may be fully considered. On September 14, 2009, we requested that the real
parties in interest, Dewbre Petroleum Corp., et al. ("Dewbre"), file any answer to Atlas's
petition on an expedited basis. Dewbre filed a response on September 17, 2009. Having
examined and fully considered Atlas's petition and Dewbre's response thereto, we deny
the petition and motion.

 The underlying suit arose from the failure of pipe casing used in an oil and gas well. 
Dewbre brought suit against several defendants, including Atlas, who sold the casing, and
Maharashtra Seamless, Ltd. ("Maharashtra"), who manufactured the casing. Atlas argued
that the suit against it is barred pursuant to section 82.003 of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a) (Vernon 2005). 
Under that statute, a seller that did not manufacture a product cannot be held liable for
harm caused by that product unless the plaintiff proves one of several exceptions. Id. One
of the exceptions will apply when the plaintiff proves that the manufacturer of the product
is insolvent or not subject to the jurisdiction of the trial court. See id. § 82.003(a)(7).

 Maharashtra, an Indian corporation, initially appeared in the trial court to defend
against the suit but later discontinued its participation in the case. Noting that Maharashtra
had failed to respond to its propounded interrogatories and requests for admissions,
Dewbre moved for sanctions pursuant to Texas Rule of Civil Procedure 215.2(b)(3) and
(4). The trial court granted Dewbre's motion and rendered an order on September 10,
2009, providing in part as follows:

[T]he following factual findings are designated as being established as the
responses of Maharashtra Seamless, Ltd. to the [Plaintiff's] interrogatories:


 1. Maharashtra Seamless Ltd., owns no assets in the United
States, including real and personal property, money or
securities or interests in domestic joint ventures, partnerships
or corporations; and


 2. Maharashtra Seamless Ltd[.] owns no assets located in the
United States, including real and personal property, money or
securities or interests in domestic joint ventures, partnerships
or corporations and has no assets or property subject to the
jurisdiction of this Court or any United States court.


It is ORDERED that these findings, Nos. 1 and 2 above, may be offered into
evidence as interrogatory responses of Maharashtra Seamless, Ltd. and
Maharashtra is prohibited from introducing evidence at trial which supports
or opposes the for[e]going findings.


 . . . .


The Court ORDERS that the entry of the findings against Maharashtra
Seamless, Ltd. in this Order do not prejudice the rights of any other party to
offer evidence either supporting or opposing such findings.


 Atlas argues in its petition for writ of mandamus that the sanctions order constitutes
a clear abuse of discretion, leaving it without an adequate appellate remedy, because it (1)
"does not punish the offending party[, Maharashtra]," (2) "inhibits an innocent party's
[Atlas's] right to a merits determination on its dispositive statutory defense," (3) is not
supported by the evidence, and (4) "shift[s the] statutorily mandated burden of proof [as
to the exceptions listed in section 82.003] from the plaintiffs to an innocent defendant."

 Mandamus will issue to correct a clear abuse of discretion for which the remedy by
appeal is inadequate. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004). A trial court abuses its discretion when it acts in an unreasonable or arbitrary
manner; or, stated differently, when it acts without reference to guiding rules and principles.
See, e.g., Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). 

 Without determining whether Atlas has an adequate appellate remedy, we disagree
that the sanctions order constitutes an abuse of discretion. The "factual findings"
contained in the order do not conclusively establish that Maharashtra is insolvent or that
Atlas cannot avail itself of the protections of section 82.003. Rather, the order merely
establishes that Maharashtra is deemed to have answered Dewbre's discovery requests
in the manner requested by Dewbre. This type of sanction is explicitly authorized by rule. 
See Tex. R. Civ. P. 215.2(b)(3). The order provides that the deemed interrogatory answers
and admissions may be introduced as evidence at trial, but it also specifically states that
defendants other than Maharashtra may present evidence rebutting those deemed
answers and admissions. (1) Accordingly, the order does not "inhibit" Atlas from invoking its
statutory defense and obtaining a determination as to the merits of that defense at trial.

 Moreover, we find no impermissible burden-shifting here. The sanctions order does
not change the fact that (1) the burden is on Dewbre to establish a statutory exception, and
(2) any defendant other than Maharashtra may introduce evidence indicating that the
statutory exceptions do not apply. The sanctions order merely provides, as authorized by
rule, that Dewbre may introduce the deemed interrogatory answers and admissions as
evidence at trial. See id. It will then be the jury's responsibility to weigh those deemed
responses along with the other evidence presented at trial. It is true that, without the
sanctions order, Dewbre would likely not have any evidence indicating that Maharashtra
is insolvent, and Atlas would therefore not need to present any rebuttal evidence denying
the applicability of the insolvency exception. However, the deemed interrogatory answers
and admissions are as probative as any other piece of evidence, and there is no reason
that such deemed discovery responses cannot be utilized by Dewbre to meet its statutorily-mandated burden. To hold otherwise would unjustly deprive Dewbre of the ability to invoke
the section 82.003 exception--ensuring that Atlas cannot be held liable as a non-manufacturing seller--based solely on the fact that Maharashtra failed to answer the
propounded discovery requests.

 For the foregoing reasons, we conclude that the trial court did not abuse its
discretion by rendering the September 10, 2009 sanctions order. Atlas's petition for writ
of mandamus and motion for temporary relief are therefore DENIED.




 

 DORI CONTRERAS GARZA,

 Justice



Opinion delivered and filed this

the 18th day of September, 2009.
1. In its petition, Atlas points to deposition testimony indicating that there are several accounts located
in United States banks that are payable to Maharashtra, and that under United States accounting principles,
those accounts are considered to be assets of Maharashtra. There is nothing preventing Atlas from
introducing similar evidence at trial to rebut the interrogatory answers and admissions deemed to have been
provided by Maharashtra pursuant to the sanctions order.